1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OSCAR VILLANUEVA,                    )     No. CV 16-492 SJO (FFM)
                                     )
                    Petitioner,      )     ORDER RE SUMMARY
                                     )     DISMISSAL OF ACTION WITHOUT
        v.                           )     PREJUDICE
                                     )
C. PFEIFFER, WARDEN,                 )
                                     )
                    Respondent.      )
—————————————————————————————————    )

On January 22, 2016, Petitioner Oscar Villanueva ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. The Petition alleges various constitutional violations in connection with Petitioner's prison disciplinary hearing that occurred on April 28, 2013. (Petition at 4).[1]

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *accord Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it

_____

[1] All citations to filings in this case refer to the pagination provided by the Court's electronic docket.

1    appears that -- (A) the applicant has exhausted the remedies available in the courts

2    of the State; or (B)(i) there is an absence of available State corrective process; or

3    (ii) circumstances exist that render such process ineffective

4    to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the

5    exhaustion requirement is to be waived, it must be waived expressly by the State,

6    through counsel.  *See* 28 U.S.C. § 2254(b)(3).

7         Exhaustion requires that the prisoner's contentions be fairly presented to the

8    state courts, and be disposed of on the merits by the highest court of the state.

9    *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly

10   presented unless the prisoner has described in the state court proceedings both the

11   operative facts and the federal legal theory on which his claim is based.  *See*

12   *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865

13   (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

14   (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  A federal court may

15   raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that

16   ground.  *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992)(citations

17   omitted); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*);

18   *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d

19   119 (1987).

20        Petitioner has the burden of demonstrating that he has exhausted available

21   state remedies.  *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3rd Cir. 1982).

22   Here, it plainly appears from the face of the Petition that Petitioner cannot meet

23   this burden with respect to his claims.  The Petition does not include any

24   documents suggesting that Petitioner has exhausted the claims presently raised

25   before this Court.[2]  Additionally, a review of California Supreme Court records

26

27        [2] The Court notes that Petitioner has attached to the Petition two state court
28   decisions, one from the Kern County Superior Court and the other from the Fifth
     Appellate District of the California Court of Appeal.  (Petition at 13–15).  However,

2

1   reveals that Petitioner has never filed a habeas petition with the California

2   Supreme Court.  *See* http://appellatecases.courtinfo.ca.gov (last visited February

3   4, 2016).

4         Because Petitioner has not raised his present claims in the California

5   Supreme Court, the Petition is unexhausted.

6          If it were clear that Petitioner is raising federal claims and that the

7   California Supreme Court would hold that Petitioner's unexhausted federal claims

8   are procedurally barred under state law, then the exhaustion requirement would be

9   satisfied.  In that event, although the exhaustion impediment to consideration of

10  Petitioner's claims on the merits would be removed, federal habeas review of the

11  claim would remain barred unless petitioner could demonstrate "cause" for the

12  default and "actual prejudice" as a result of the alleged violation of federal law, or

13  demonstrate that failure to consider the claims would result in a "fundamental

14  miscarriage of justice."  *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct.

15  2546, 115 L. Ed. 2d 640 (1991).  Here, it is neither "clear" that Petitioner is

16  raising a federal claim nor that the California Supreme Court would hold that

17  Petitioner's federal claim is procedurally barred under state law.  *See, e.g., People*

18  *v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that

19  fundamental constitutional rights have been violated may be raised by state habeas

20  petition).

21        The Court therefore concludes that this is not an appropriate case for

22  invocation of either exception to the exhaustion requirement regarding the

23  existence of an effective state corrective process.

24        Therefore, the Petition is subject to dismissal.

25  / / /

26  / / /

27  _____

28  these state opinions do not discuss the claims raised in the instant Petition.  In any
    event, the claims discussed in the state court decisions are also unexhausted.

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: February 12, 2016.

S. James Otero
_____
S. JAMES OTERO
United States District Judge

Presented by:

   /S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

4